[Cite as *State v. Main*, 2016-Ohio-4892.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26952 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 15-CR-2467 |
| v. | : | |
| | : | (Criminal Appeal from |
| DANIEL S. MAIN | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellant

TERRY W. POSEY, Atty. Reg. No. 0039666, 10 North Ludlow Street, Suite 950, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant the State of Ohio appeals from an order of the trial court excluding eyewitness-identification evidence. The State contends that the trial court erred by concluding that the eyewitness identification procedure was insufficiently

reliable. Defendant-appellee Daniel Scott Main contends that the trial court correctly excluded the faulty eyewitness identification, because the identification was insufficiently reliable. We conclude that the trial court properly excluded the eyewitness identification testimony as unreliable. The order of the trial court suppressing the evidence is Affirmed.

## I. The Eyewitness Identification Process

{¶ 2} Main was charged with Menacing by Stalking, after being identified by the next-door neighbor of the victim. The victim, a minor, was working at Tim Horton's and had complained to police about a customer who had come to her workplace and acted in a way that made her uncomfortable. While the police were investigating this report, the victim's neighbor reported to the police that she saw two scruffy looking men in the vicinity of the victim's house. When the neighbor saw the two men, she pulled her car to the curb, stopped, and looked at them through the driver's side window. She stated that one of the two men looked directly at her, and she got a very good look at his face. Later that day, the neighbor went to the police department, was presented with two photographs, and was asked if that was one of the two men she saw that morning. The neighbor positively identified one of the photos as the man she saw, but she thought the second photo depicted someone else. In fact, both photos shown to the neighbor were BMV photos of the same person. No photo array of multiple different photos was created or used for the photo identification process.

## II. The Course of Proceedings

{¶ 3} Main was indicted on one count of Menacing by Stalking, a fourth-degree

felony, based on the allegation that the victim was a minor. Main moved to suppress the eye-witness identification. At the hearing on the motion to suppress, testimony was offered by Officer Harlow and Officer Stose from the City of Huber Heights Police Department. The victim's neighbor testified regarding her eyewitness identification of Main. The parties stipulated that the police officer did not follow state law, R.C. 2933.83, or the department's policy for eyewitness identification.

{¶ 4} The trial court concluded that the State failed to satisfy its burden by clear and convincing evidence to establish that the witness identification had an independent, reliable basis. From the order of the trial court sustaining the motion to suppress and excluding the eye-witness identification, the State appeals.

### III. The Standard of Review

{¶ 5} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Koon*, 2d Dist. Montgomery No. 26296, 2015-Ohio-1326, ¶ 13, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* The application of the law to the trial court's findings of fact is subject to a de novo standard of review. *State v. Gordon*, 5th Dist. Fairfield No. 14-CA-13, 2014-Ohio-5027, ¶ 14, citing

*Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

### IV. The Court Did Not Err by Suppressing the Eyewitness Identification

**{¶ 6}** For its sole assignment of error, the State asserts:

CONSIDERED IN LIGHT OF THE TOTALITY OF THE CIRCUMSTANCES, THE WITNESS'S OUT-OF-COURT IDENTIFICATION OF APPELLEE WAS RELIABLE. THUS, ADMISSION AT TRIAL WOULD NOT VIOLATE APPELLEE'S RIGHT TO DUE PROCESS.

**{¶ 7}** The State argues that, based on the totality of the circumstances, the witness identification should be considered reliable. We have held that, "[w]hen a witness who identifies a defendant has been confronted with a live or photographic lineup of suspects, due process requires the court to suppress evidence of the witness's identification of the defendant if the confrontation was unduly suggestive of the defendant's guilt and the witness's identification of the defendant was unreliable under the totality of the circumstances." *In re D.D.,* 2d Dist. Montgomery No. 22740, 2009-Ohio-808, ¶ 4, citing *State v. Waddy*, 63 Ohio St.3d 424, 588 N.E.2d 819 (1992); *State v. Murphy*, 91 Ohio St.3d 516, 747 N.E.2d 765 (2001). "In applying the totality of the circumstances test the court must consider (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation." *In re D.D.,* at ¶ 4, citing *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). "The *Biggers* standards look to the reliability of the

identification itself instead of the suggestive nature of the procedures that produced the identification. Nevertheless, '[a]gainst these factors is to be weighed the corrupting effect of the suggestive identification itself.' " *Id.* at ¶ 5, quoting *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

{¶ 8} Here, the photo array used by the police and shown to the victim's neighbor to identify Main only contained two photos, both of which were of Main. It is undisputed that the police did not create a photo array that included persons other than the suspect, and did not use a blind administrator. The State concedes that the state statute and the police department policy on photo identification were not followed. The trial court properly concluded that the out-of-court identification procedure was overly suggestive. We have followed the holding of the Supreme Court of Ohio that although an identification procedure is suggestive, as long as the identification is reliable, it is admissible. *State v. Chaffin*, 2d Dist. Montgomery No. 24241, 2012-Ohio-634, ¶ 20, citing *State v. Barker,* 53 Ohio St.2d 135, 142, 372 N.E.2d 1324 (1978). In *State v. Lathan*, 30 Ohio St.2d 92, 99, 282 N.E.2d 574 (1972), the Supreme Court of Ohio held that the State's burden of proof to establish the reliability of eyewitness testimony is by clear and convincing evidence. Therefore, the question in the case before us is whether the State met its burden of proving, by clear and convincing evidence, the reliability of the eyewitness identification under the totality of the circumstances.

{¶ 9} The trial court did look at the totality of the circumstances, and applied the *Biggers* standards, noting that the witness had about five seconds of unobstructed opportunity to see the person she later identified, and that only about 10 hours had elapsed from the time she saw the person until she was shown the photos of the suspect.

The trial court noted that the witness's physical description of the person she saw lacked sufficient detail to be helpful, since she only described him as a Caucasian male, less than six feet tall, with unruly hair and a beard, wearing dark clothing. Although her confidence of a positive identification was based on the person's eyes, she could not recall the color of his eyes, or whether he was wearing glasses. In finding that the identification was not sufficiently reliable, the trial court noted that the witness identified Main in one of the photos, but did not identify him in the second photograph. The trial court found that the two photos, despite different hairstyles and slightly different camera angles, "obviously depict the same person." While our view of the two photos only leads us to conclude that the photos probably depict the same person, we conclude, under the totality of the circumstances, that the State failed to prove, by clear and convincing evidence, that the witness's identification was sufficiently reliable to avoid the substantial likelihood of a misidentification as a result of the unduly suggestive procedure followed.

{¶ 10} We accept the trial court's findings of fact, which are supported by competent, credible evidence. Accepting these facts as true, we agree with the trial court's conclusion that, based on the totality of the circumstances, the witness's identification has not been proven, by clear and convincing evidence, to be sufficiently reliable. The State's sole assignment of error is overruled.

## V. Conclusion

{¶ 11} The State's sole assignment of error having been overruled, the order of the trial court suppressing the eyewitness identification is Affirmed.

. . . . . . . . . . . .

DONOVAN, P.J., and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Terry W. Posey
Hon. Michael Tucker